UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **KEYSTROKES TRANSCRIPTION SERVICE, INC.** and **LEE TKACHUK**, an individual, <br><br> Defendants, | Civil Action No.: |

# COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA" or "the Act"), Plaintiff, **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin and restrain the Defendants **KEYSTROKES TRANSCRIPTION SERVICE, INC.,** a corporation, ("Keystrokes Transcription") and **LEE TKACHUK,** an individual, (collectively, "Defendants") from violating Sections 206, 207, 211, 215(a)(2) and 215(a)(5) of the FLSA and to recover unpaid compensation, plus an equal amount in liquidated damages pursuant to Section 216(c) of the Act (29 U.S.C. § 216(c)) for Defendants' employees.

The Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Secretary's investigation reviewed Defendants' employment and pay practices from February 3, 2022 through August 15, 2022 (the

1

"Investigation Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.[1]

## Jurisdiction and Venue

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

## Defendants

3. Defendant **KEYSTROKES TRANSCRIPTION** is a corporation within this Court's jurisdiction with an office at 220 Garden Street, Yorkville, Illinois 60560 where it conducts business.

4. Defendant **KEYSTROKES TRANSCRIPTION** employs medical transcriptionists.

5. Defendant **LEE TKACHUK** has actively managed and supervised **KEYSTROKES TRANSCRIPTION**'s operations and its employees during the Investigation Period. Among other things, **TKACHUK** has hired and fired employees, set pay rates, makes day-to-day decisions, and is responsible for the management of the business operations of the company.

6. **TKACHUK** has acted directly or indirectly in **KEYSTROKES TRANSCRIPTION**'s interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

---

[1] If Defendants continued to violate the FLSA after the Investigation Period, then the allegations and conditions of pay and employment disclosed are incorporated herein by reference and Defendants may owe additional back wages and liquidated damages to employees.

7. During the Investigation Period, Defendants engaged in business within Kendall County, within this Court's jurisdiction.

**The FLSA Applies to Defendants**

8. **KEYSTROKES TRANSCRIPTION** is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r). T

9. **KEYSTROKES TRANSCRIPTION** is an "enterprise engaged in commerce" under the FLSA, because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

**FLSA Violations**

10. Defendants repeatedly and willfully violated Sections 206 and 215(a)(2) of the FLSA when they failed to pay their employees at least $7.25 per hour. Defendants have employed employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, without compensating said employees, at least, the minimum wage rate for each hour worked under forty (40) hours in a workweek. 29 U.S.C. §§ 206(a)(1), 215(a)(2).

11. Defendants repeatedly and willfully violated Sections 207 and 215(a)(2) of the FLSA when they failed to pay their employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek. Defendants employed employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce,

within the meaning of the Act, as aforesaid, for workweeks longer than forty (40) hours without compensating said employees for their employment in excess of forty (40) hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

12. Defendants repeatedly and willfully failed to pay any wages to their employees.

13. Defendants repeatedly and willfully violated Sections 211 and 215(a)(5) of the FLSA when they failed to keep complete and accurate records. 29 U.S.C. §§ 211, 215(a)(5), 29 C.F.R. Part 516. Defendants kept inaccurate pay records; due to late payments, the pay dates on payroll records were inaccurate because the employees were not actually paid on said dates.

14. Defendants have been investigated by Wage and Hour on four prior occasions, including for missed payrolls. In the prior investigations, Defendants assured the Secretary that they would comply with the FLSA in the future.

## Remedies Sought

15. As a result of their repeated and willful FLSA violations, Defendants owe the employees listed in Exhibit A back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees, including those presently unknown to the Secretary.

16. Defendants may also owe additional back wages and liquidated damages during the Investigation Period to employees whose identities are presently unknown to the Secretary.

## Prayer for Relief

As a result of Defendants' repeated and willful FLSA violations, the Secretary respectfully requests this Court enter an Order:

A. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 215(a)(2) and 215(a)(5) of the FLSA. 29 U.S.C. § 217(a).

B. Finding Defendants liable for unpaid minimum and overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Secretary. 29 U.S.C. § 216(c).

C. If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621.

D. Providing such other relief as may be necessary and appropriate.

E. Awarding costs and granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

/s/ Linda J. Ringstad
**LINDA RINGSTAD**
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
(312) 353-3668

Ringstad.Linda@dol.gov
IL Bar No. 6225795

*Attorneys for Plaintiff Martin J. Walsh,*
*Secretary of Labor, United States Department*
*of Labor*


## **Exhibit A**

1. Camilla Aldrich
2. Grace Borow
3. Sandi Borowski
4. Kathleen Brown
5. Ellen Denton
6. Muriel Gulbrason
7. Andrea Hopkins
8. Ann McGrath
9. December Michaels
10. Sandra Nelson Miedzinski
11. Lori Orris
12. Jessica Pedigo
13. Barbara Staubach
14. Deborah Turner